IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Richardson,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-15-01210-PHX-DGC<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

On June 30, 2015, Petitioner James Richardson, who was confined in the Arizona State Prison Complex-Lewis, Bachman Unit, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  In its July 20, 2015 Order (Doc. 7), the Court advised Petitioner that he "must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure . . . . Failure to comply may result in dismissal of this action."  However, on August 24, 2015, and August 25, 2015, the Court received notices that mail sent to Petitioner was returned as undeliverable because he was released from custody on August 24, 2015, and Petitioner has not filed a notice of change of address.  (Docs. 12, 13, 14.)  Finding Petitioner has not apprised the Court of his current address, and has otherwise failed to prosecute this action, the Court will recommend that the Petition be dismissed without prejudice.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action due to a party's failure to prosecute or to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (holding that a court's authority to dismiss for lack of prosecution "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with any order of the court). Further, a district court may dismiss an action for failure to comply with a local rule. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Rule 83.3(d) of the Local Rules of Civil Procedure ("LRCiv"), requires that an "unrepresented party must file a notice of a name or address change . . . no later than fourteen (14) days before the effective date of the change."

Before dismissal for failure to prosecute or to comply with a local rule, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other parties]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In these circumstances, the first factor "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the [party's] own fault, to contact the [party] to determine if his reasons for not prosecuting his lawsuit are reasonable or not." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Id.*

The second factor also favors dismissal. Petitioner has not provided the Court with his current address, and the Court's mail has been returned. Petitioner's failure to keep the Court informed of his address prevents this case from proceeding in the foreseeable future. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir.

- 2 -

2004) (noting that "resources continue to be consumed by a case sitting idly on the court's docket").

Under the third factor, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [the other party] from the failure." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). The fourth factor weighs against dismissal because public policy favors disposition of cases on their merits, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), however, it is outweighed by the other factors. Lastly, while dismissal itself is a drastic sanction, *see Ferdik*, 963 F.2d at 1260, dismissal without prejudice is available and appropriate in this case. Absent Petitioner's current address, the alternatives are bound to be futile.

In sum, the five-factor analysis favors dismissal. Therefore, in light of Petitioner's failure to prosecute this action and comply with LRCiv 83.3, requiring him to notify the Court of address changes, dismissal of this action without prejudice is warranted.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **denied** and this action be **dismissed without prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 1st day of December, 2015.

Honorable John Z. Boyle
United States Magistrate Judge